**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARITA RENTERIA,

        Plaintiff,

    v.

MONSANTO COMPANY and SIDCO
CORPORATION,

        Defendants.

Case No. 1:21-cv-00994

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this lawsuit, captioned *Marita Renteria v. Monsanto Co., et al.*, No. D-101-CV-2020-00180, from the First Judicial District Court for the County of Santa Fe, New Mexico, to this Court.  Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## INTRODUCTION

1.    In this products liability lawsuit, Plaintiff Marita Renteria has sued Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency ("EPA") repeatedly has concluded – including as recently as January 2020 – that glyphosate does

not cause cancer.  Nevertheless, Plaintiff alleges that she developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2.      This is one of many lawsuits that have been filed in state and federal courts across the country against Monsanto involving Roundup®-branded herbicides.  A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California ("the MDL Court"), before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407.  *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).  Monsanto intends to seek transfer of this lawsuit to the MDL Court and will provide prompt notice to the Judicial Panel on Multidistrict Litigation ("JPML") of this lawsuit pursuant to the procedure for "tag along" cases set forth in the JPML's Rules and Procedures.

3.      Plaintiff is a New Mexico citizen and therefore of diverse citizenship from Monsanto.  Plaintiff tried to avoid complete diversity and defeat Monsanto's right to remove by joining a New Mexico corporation – Sidco Corporation ("Sidco") – as a defendant.  In her initial Complaint, Plaintiff asserted common law claims against Sidco and alleged that she was exposed to Roundup®-branded herbicides while applying them as a Sidco farm hand.  However, on September 13, 2021, Plaintiff filed a First Amended Complaint that significantly narrowed her case against Sidco and changed her exposure theory to allege only bystander exposure.  Moreover, Plaintiff disclosed (in her Plaintiff Fact Sheet) that she is alleging that she was exposed to Roundup®-branded herbicides while her father and brother sprayed those herbicides on family farms, which means that this lawsuit against Sidco is in fact being brought ***against her own family***.  And most notably, Plaintiff has narrowed her claim against Sidco to a single count of strict liability, which is available under New Mexico law only against suppliers of allegedly defective products.

4.     Plaintiff's removal-prevention strategy fails because Plaintiff does not have a viable strict liability claim against Sidco, so that defendant is fraudulently joined.  Under New Mexico law, Sidco cannot be held for Plaintiff's strict liability claim because Sidco was an end-user – ***not*** a supplier – of Roundup®-branded herbicides, given that Sidco did not sell or otherwise place those products in the stream of commerce.

5.     As discussed in more detail below, this Court has subject matter jurisdiction and this removal is proper based on complete diversity of citizenship because Plaintiff fraudulently joined Sidco, which means that the presence of that New Mexico defendant must be disregarded when the Court evaluates the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of that defendant.

## BACKGROUND AND PROCEDURAL HISTORY

6.     In January 2020, Plaintiff commenced this lawsuit by filing a complaint in the First Judicial District Court for the County of Santa Fe, New Mexico, captioned *Marita Renteria v. Monsanto Co., et al.*, No. D-101-CV-2020-00180 (the "State Court Action").  In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule 81.1, copies of the docket sheet and other records for the State Court Action from the state court's files (including all process, pleadings, and orders served upon Monsanto) are attached collectively as Exhibit 1.

7.     The initial Complaint asserted various product liability claims and sought damages for NHL allegedly caused by Monsanto's Roundup®-branded herbicides.  That pleading also asserted claims against Sidco and another defendant – AGCO Corporation ("AGCO") – that allegedly has its principal place of business in New Mexico (and therefore is deemed to be a citizen of New Mexico for purposes of federal diversity jurisdiction).  In May 2020, Plaintiff voluntarily dismissed AGCO.  Stipulation Of Dismissal Without Prejudice Of All Claims Against Defendant

AGCO Corporation (included in Exhibit 1); State Court Action Docket Sheet (included in Exhibit 1).

8.       On September 13, 2021, Plaintiff filed an amended complaint that makes clear, for the first time, that she is asserting only a "strict products liability" claim against Sidco.  *See* First Am. Compl. ¶¶ 66-71 (included in Exhibit 1).

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### I.  Substantive Requirements For Removal Are Satisfied.

9.       Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, a defendant is permitted to remove a case from state court to federal court absent complete diversity if the plaintiff has fraudulently joined a non-diverse party to defeat federal subject matter jurisdiction.  *See, e.g.*, *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (discussing fraudulent joinder arguments); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1256 (D.N.M. 2014) (citing cases).  One way for a removing defendant to establish fraudulent joinder is to demonstrate "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation marks omitted); *see Brazell*, 525 F. App'x at 881 (stating that "the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant").  When a plaintiff has fraudulently joined a non-diverse defendant, the district court disregards that defendant for removal purposes.  *See, e.g.*, *Brazell*, 525 F. App'x at 881.  Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants.  28 U.S.C. § 1441(b)(2); *see Brazell*, 525 F. App'x at 884; *Aguayo*, 59 F. Supp. 3d at 1257.  Moreover, when a defendant removes a lawsuit based on a fraudulent joinder argument, the district court is not limited to the allegations in the complaint but is permitted

to look beyond – *i.e.*, pierce – the pleadings and consider the entire record to determine whether the non-diverse defendant has been fraudulently joined. *See Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964); *Brazell*, 525 F. App'x at 881; *Aguayo*, 59 F. Supp. 3d at 1250-51 (citing *Dodd*, 329 F.2d at 85).

10.     In this case, Plaintiff sued Sidco in the hope that adding claims against that New Mexico defendant would prevent removal due to lack of diversity jurisdiction and/or due to the forum defendant rule.  However, as discussed below, Sidco has been fraudulently joined.

11.     Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of New Mexico.  Compl. ¶ 1; First Am. Compl. ¶ 1; Plaintiff Fact Sheet at 1-3 (excerpts attached as Exhibit 2).

12.     As correctly alleged by Plaintiff, Monsanto is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Missouri.  Compl. ¶ 2; First Am. Compl. ¶ 2.  Accordingly, Monsanto is deemed to be a citizen of Delaware and Missouri for purposes of federal diversity jurisdiction.

13.     Sidco is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of New Mexico with its principal place of business in New Mexico.  Compl. ¶ 3; First Am. Compl. ¶ 3.  Accordingly, Sidco is deemed to be a citizen of New Mexico for purposes of federal diversity jurisdiction.

14.      Therefore, if Plaintiff fraudulently joined Sidco: (a) there is complete diversity of citizenship because the Court must disregard Sidco; and (b) the forum defendant rule does not preclude removal.

15.     Plaintiff now asserts only one claim against Sidco – "strict products liability," First Am. Compl., Count 2 – and alleges that Sidco was "a supplier" of the "defective" product (Roundup®-branded herbicides) to which she was exposed, *id*. ¶¶ 67, 70.  However, as a matter of well-established New Mexico law, that claim against Sidco is not viable within the meaning of the fraudulent joinder standard discussed above, *see supra* Paragraph 9, because Sidco was not a ***supplier*** of Roundup®-branded herbicides – *i.e.*, Sidco did not sell or otherwise place the allegedly defective product in the stream of commerce.   Thus, Plaintiff's claim against Sidco lacks an essential element of a strict liability claim under New Mexico law.  *See, e.g.*, *Livingston v. Begay*, 652 P.2d 734, 738-39 (N.M. 1982) (holding that strict liability for allegedly defective heater could not be extended to defendants that did not sell the heater, were not in the "chain of distribution," and did not place the heater in the "stream of commerce"); *Arenivas v. Cont'l Oil Co.*, 692 P.2d 31, 33-34 (N.M. Ct. App. 1983) (holding that strict liability for allegedly defective oil pumping unit did not apply to defendant that did not sell or lease the unit or place it into the stream of commerce); *Snelling v. Tribal Vapors*, No. Civ 19-0686 JB/GJF, 2021 WL 1227836, at *29 (D.N.M. Mar. 31, 2021) ("[A] party who does not sell or otherwise place an allegedly defective product in the stream of commerce may not be strictly liable for any alleged harm the product caused, and, thus, may not be jointly and severally liable for harm the product causes under New Mexico's strict products liability law." (citing *Livingston*, 652 P.2d at 739)).

16.     The record is now clear that Sidco was merely an end-user of Roundup®-branded herbicides on its properties, *see* First Am. Compl. ¶ 56 ("In the course of her work for Sidco, Plaintiff was exposed to significant levels of Roundup.") (included in Exhibit 1); Plaintiff Fact Sheet at 10 (alleging that Plaintiff's exposure to Roundup®-branded herbicides occurred on "family farms" when her "father and brother sprayed weeds with Roundup within a few feet of

where [Plaintiff] was working") (Exhibit 2), and Plaintiff does not allege that Sidco sold Roundup®-branded herbicides or otherwise placed them in the stream of commerce.   Thus, Plaintiff does not have a viable strict liability claim against Sidco.  *See supra* Paragraph 15.

17.     For the foregoing reasons, the Court should conclude that Plaintiff fraudulently joined Sidco and, therefore, should disregard the citizenship of that defendant when assessing whether this lawsuit has been properly removed.

*                *                *                *

18.     The First Amended Complaint seeks compensatory and punitive damages based on allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL).  Therefore, it is plausible from the face of that pleading hat Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement.  28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.").  In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in various federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

19.     Thus, this Court has original subject matter jurisdiction over Plaintiff's claims based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and

Monsanto (disregarding the citizenship of the fraudulently joined defendant Sidco) and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.  Procedural Requirements For Removal Are Satisfied.

20.     The First Judicial District Court for the County of Santa Fe, New Mexico is located within the District of New Mexico.   Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

21.     This Notice of Removal is timely.  When the State Court Action was commenced, the "case stated by the initial pleading [was] not removable," 28 U.S.C. § 1446(b)(3), because the Complaint included claims against two New Mexico defendants.  Thus, based on the face of the Complaint, this lawsuit was not removable due to lack of diversity of citizenship and due to the forum defendant rule, 28 U.S.C. § 1441(b)(2).  The First Amended Complaint, which was filed on September 13, 2021, was the "amended pleading . . . from which it may first be ascertained that [this] case is one which is or has become removable."  § 1446(b)(3).  This Notice of Removal is timely under Section 1446(b)(3) because Monsanto is filing the Notice of Removal within 30 days of September 13, 2021.

22.     Consent to removal is not required from Sidco because it has not been "properly joined," 28 U.S.C. § 1446(b)(2)(A).

23.     Although this removal notice is being filed more than one year after the State Court Action was commenced, this removal is not barred by the one-year limitation on removals addressed in 28 U.S.C. § 1446(c)(1) because Plaintiff "has acted in bad faith in order to prevent a defendant [*i.e.*, Monsanto] from removing the action," § 1446(c)(1).  As this Court has stated when construing the Section 1446(c)(1) bad-faith exception, "defendants may remove a case on fraudulent joinder grounds even after it has been pending in state court for more than one year."

*Aguayo*, 59 F. Supp. 3d at 1256.  This "Court interprets the bad-faith exception to apply to plaintiffs who keep a removal-spoiling party in the case past the one-year mark for the purpose of defeating removal." *Id*. at 1263.  To determine whether the bad-faith exception applies, "the Court looks to whether the plaintiff actively litigated against the removal-spoiling defendant in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera."  *Id*.; *see e.g.*, *Massey v. 21st Century Centennial Ins. Co.*, No. 2:17-cv-01922, 2017 WL 3261419, at *4-6 (S.D. W. Va. July 31, 2017) (relying on *Aguayo*, making Section 1446(c)(1) bad-faith finding, and denying remand motion because, *inter alia*, plaintiff did not actively litigate her case against removal-spoiling defendant in state court); *Forth v. Diversey Corp.*, No 13-CV-808-A, 2013 WL 6096528, at *3 (W.D.N.Y. Nov. 20, 2013) (making Section 1446(c)(1) bad-faith finding and denying remand motion because, *inter alia*, plaintiffs did not obtain any discovery from removal-spoiling defendant in state court).

24.     Based on the standards discussed in the preceding paragraph and the record in this case, the Court should conclude that Plaintiff has acted in bad faith to prevent Monsanto from removing this lawsuit by keeping Sidco – the removal-spoiling defendant – in this case past the one-year mark without actively litigating against Sidco and fraudulently joining that defendant. As discussed above, Plaintiff's First Amended Complaint asserts only one claim against Sidco ("strict products liability"), but that claim clearly is not valid as a matter of New Mexico law.  *See supra* Paragraphs 15-16.  A comparison of the change in allegations regarding Plaintiff's exposure to Roundup®-branded herbicides in the initial Complaint and the First Amended Complaint further reinforces the conclusion that Plaintiff has acted in bad faith to prevent removal by initially making false allegations against Sidco that were not corrected until after the Section 1446(c)(1) one-year

removal deadline.[1]  Plaintiff also has taken no action to prosecute this lawsuit against Sidco.  She did not seek a default judgment, even though the State Court Action had been filed more than 20 months before – and Sidco had entered its appearance more than 18 months before – Sidco filed a response to the Complaint.[2]  Plaintiff also has not issued any written discovery requests to Sidco and has not issued any notices to take depositions of Sidco (or its employees).

25.    Although Section 1446(c)(1) does not require Monsanto to establish a motive for Plaintiff's bad faith conduct, Plaintiff disclosed information in the Plaintiff Fact Sheet that explains why she consistently has failed to engage in active litigation as to Sidco – her exposure to Roundup®-branded herbicides allegedly occurred on "family farms" when her "father and brother sprayed weeds with Roundup within a few feet of where [Plaintiff] was working."  Plaintiff Fact

---

[1] Plaintiff initially made the following allegations regarding her use of and exposure to Roundup®-branded herbicides: "Sidco Corporation hired [Plaintiff] as a Farm Hand in Las Cruces, New Mexico.  As a Farm Hand, [Plaintiff] was exposed to Roundup at significant levels. Part of [Plaintiff's] duties included carrying a 5-gallon backpack of Roundup and spraying the poison with a hand sprayer.  On other properties, [Plaintiff] would drive a tractor with a 20-gallon sprayer attached to the end. . . .  For six years, [Plaintiff] performed these duties with little to no protective equipment."  Compl. ¶¶ 92-94 (included in Exhibit 1).  However, those allegations are not in the First Amended Complaint.  Instead, Plaintiff now alleges mere bystander exposure: "As a girl and young woman, Plaintiff worked for Sidco.  In the course of her work for Sidco, Plaintiff was exposed to significant levels of Roundup."  First Am. Compl.  ¶ 56 (included in Exhibit 1); *see* Plaintiff Fact Sheet at 10 (alleging bystander exposure to Roundup®-branded herbicides) (Exhibit 2).

[2] The State Court Action was commenced when Plaintiff filed the Complaint on January 24, 2020.  State Court Action Docket Sheet (included in Exhibit 1).  After the Summons and Complaint were served on Sidco, Sidco entered its appearance on March 10, 2020.  *Id.*  However, more than 18 months passed before Sidco filed a response to the Complaint – on September 27, 2021.  *Id*. According to the docket sheet, Plaintiff did not file a motion for a default judgment in response to Sidco's extraordinarily lengthy delay in filing a response to the Complaint.  *Id*.  In addition, although Plaintiff's First Amended Complaint was filed on September 13, 2021, Sidco subsequently filed – for reasons that are unclear – a response to the initial Complaint, *see* Defendant Sidco Corporation's Response to Original Complaint (included in Exhibit 1), and has not filed a response to the First Amended Complaint, *see* State Court Action Docket Sheet.

Sheet at 10 (Exhibit 2).  In other words, Sidco is Plaintiff's family business.[3]  Thus, by joining

Sidco as a defendant and keeping Sidco in this lawsuit, Plaintiff is, in effect, suing her own family.

However, by limiting her claim to the single, non-viable count of strict liability, Plaintiff has made

certain that Sidco cannot be held liable in this case.

26.     In sum, Plaintiff has acted in bad faith within the meaning of Section 1446(c)(1) by

keeping Sidco in the State Court Action as a defendant past the one-year deadline for the purpose

of preventing Monsanto from removing this case to federal court – and Plaintiff has not actively

litigated against Sidco because she does not intend to seek to recover a judgment against her

family's business.

27.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the

First Judicial District Court for the County of Santa Fe, New Mexico and will be promptly served

on Plaintiff.

28.     Monsanto does not waive any defenses and expressly reserves its right to raise any

and all defenses in subsequent proceedings.

29.     If any question arises as to the propriety of this removal, Monsanto requests the

opportunity to present written and oral argument in support of removal.

---

[3] Plaintiff's father's name was Laurel Lindbeck, Plaintiff Fact Sheet at 4 (Exhibit 2) and Plaintiff
has used "Lindbeck" as a last name, *id*. at 1, presumably as her maiden name.  One of Plaintiff's
brothers is named Lloyd Lindbeck and Plaintiff's mother is named Marinell Lindbeck.  Obituary
of Lyonel Lindbeck, (attached as Exhibit 3),
https://www.legacy.com/us/obituaries/lcsun-news/name/lt-col-lyonel-lindbeck-
obituary?pid=114373205 (last visited Oct. 13, 2021).  According to publicly available records
from the New Mexico Secretary of State (attached as Exhibit 4), Lloyd Lindbeck is the President
and Director of Sidco.  Sidco's Articles of Incorporation (attached as Exhibit 5) show that Sidco
was incorporated in 1974 by Plaintiff's father (Laurel Lindbeck) and mother (Marinell Lindbeck).

## <u>CONCLUSION</u>

30.     For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to

28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: <u>October 13, 2021</u>

<div style="margin-left: 40%;">

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: <u>*/s/ Alex Walker*</u>
    Alex C. Walker
    Post Office Box 2168
    Albuquerque, NM 87103-2168
    Telephone: (505) 848-1800
    Facsimile: (505) 848-9710
    awalker@modrall.com

*Attorneys for Defendant Monsanto Company*

</div>

WE HEREBY CERTIFY that on the <u>13th</u> day of July, 2021, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

    Anthony K. Bruster
    Christopher Johnson
    John C. Hull
    BRUSTER PLLC
    680 N. Carroll Ave., Suite 110
    Southlake, TX 76092
    Telephone: (817) 601-9564
    akbruster@brusterpllc.com
    cjohnson@brusterpllc.com
    jhull@brusterpllc.com

Darren P. McDowell
Matthew R. McCarley
Danae N. Benton
FEARS NACHAWATI LAW FIRM
5473 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
dmcdowell@fnlawfirm.com
mccarley@fnlawfirm.com
dbenton@fnlawfirm.com

Feliz A. Rael
THE LAW OFFICE OF FELIZ A. RAEL
505 Marquette NW, Ste. 1300
Albuquerque, NM 87102
Telephone: (505) 610-5991
frael@swcp.com

*Attorneys for Plaintiff*

Kenneth L. Beal
KENNETH L. BEAL, P.C.
P.O. Box 725
Las Cruces, NM 88004
Telephone: (575) 526-5511
klbealoffice@gmail.com

*Attorney for Defendant SIDCO Corporation*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Alex Walker*
    Alex C. Walker

*W4186973.DOCX*